# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### August 10, 2004 Session

## TERESA A. MARTIN, ET AL. v. JOHNNY L. DRINNON

**Appeal from the Circuit Court for Hawkins County**
**No. 5174J     Kindall T. Lawson, Judge**

---

**No. E2003-02106-COA-R3-CV  - FILED AUGUST 18, 2004**

---

This litigation arises out of a two-vehicle collision in Hawkins County.  Teresa A. Martin ("the plaintiff")[1] and her husband[2] sued the driver of the other vehicle, Johnny L. Drinnon ("the defendant"), seeking damages and charging him with common law and statutory acts of negligence.  The defendant answered and filed a counterclaim.  The jury returned a verdict, finding the parties equally at fault.  Judgment was entered on the jury's verdict and the trial court denied the plaintiff's motion for a new trial.  The plaintiff appeals, raising, in effect, three issues.  We vacate the trial court's judgment and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Vacated; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and SHARON G. LEE, J., joined.

Phillip L. Boyd, Rogersville, Tennessee, for the appellants, Teresa A. Martin and Paul Martin.

Jack M. Vaughn and Daniel D. Coughlin, Kingsport, Tennessee, for the appellee, Johnny L. Drinnon.

**OPINION**

---

[1] While there are two plaintiffs-appellants, we will refer to the injured party in the singular.

[2] Mr. Martin was not in his wife's vehicle at the time of the accident.  His claim is for loss of consortium.

I.

The accident occurred on June 29, 1999, at approximately 8:00 a.m.  The defendant was proceeding north on State Highway 66, shortly after completing the "graveyard"[3] shift at work.  The plaintiff was also proceeding north on Highway 66; she was to the rear of, and immediately behind, the defendant's vehicle.  The plaintiff testified that she was at least 48 feet in back of the defendant's vehicle, noting that "[i]t could've been more, I don't know."  At the site of the accident, northbound traffic is limited to one lane as is southbound traffic.  The parties were proceeding uphill; a short distance to the north, the road bends to the right.  Just south of the accident scene, there is an interstate-type exit to the right off the northbound traffic lane of Highway 66.

The defendant testified that he was moving at a speed of 20 to 25 mph.  The plaintiff stated that her speed was 20 mph.  It was daylight, and weather was not a factor.  The accident occurred when the defendant's vehicle suddenly became perpendicular to traffic and was struck in the left side by the front of the plaintiff's vehicle, causing extensive damage to both vehicles and allegedly causing the plaintiff to sustain personal injuries.

II.

The plaintiff testified that the defendant left Highway 66 and pulled onto the exit, only to suddenly come back onto the highway:

> . . . I was headed north on 66 and I was headed toward – you have to cross the bridge going north, but there's also an off-ramp that exits off to the right to go into town on Main Street.  And the vehicle in front of me took a right to go to town and I was still proceeding to go north on 66 when all of a sudden this vehicle that had turned right to go to town whipped back around into my lane and it scooted my car all the way across the southbound lane that was coming toward me,
> . . . .

The plaintiff insisted that the collision occurred in the northbound lane of traffic and that, after colliding, the vehicles "scooted" into the southbound traffic lane.  The investigating officer testified that he found the cars in the southbound traffic lane when he arrived at the scene.

The plaintiff told the jury that she did not see a turn signal from the defendant's vehicle and did not observe any brake lights before the collision.  The officer confirmed her testimony that she did not leave any skid marks.  He also stated that there were no skid marks from the defendant's vehicle.

---

[3] 11:00 p.m. to 7:00 a.m.

The defendant's version of events was somewhat different. He testified that he did not exit Highway 66, pointing out that he was on the way home from work and that his natural route home was to continue north on 66. He told the jury that just before the accident, he saw a dog standing in his lane of traffic "not more than two or three car lengths" away from his vehicle. He applied his brakes hard and, observing no traffic proceeding southbound, he turned sharply to the left to avoid striking the dog. He stated that the site of the collision was in the southbound lane. He said that his vehicle did not move after impact. He stated that had the plaintiff not collided with him, he would have completed a U-turn and been heading back south on 66.

The defendant testified that he did not see the plaintiff's vehicle before the impact. There were no other witnesses to the accident.

### III.

The plaintiff raises four issues, but two of them are factual assaults on the jury's verdict and can be stated more correctly as one issue. The plaintiff's issues raise the following questions:

> 1. Is there material evidence to support the jury verdict that the plaintiff was guilty of the same degree of fault as the defendant?
>
> 2. Did the trial court commit reversible error in failing to instruct the jury regarding the statutory violations charged in the plaintiff's complaint?
>
> 3. Did the trial court err in failing to grant a mistrial based upon a comment made by the defendant's counsel in opening statement that the plaintiff had "settled" a claim arising out of an accident that had occurred before the trial of the instant case?

We find the first issue to be dispositive of this appeal.

### IV.

When – as in the instant case – the trial court approves the jury's verdict, the verdict cannot be successfully assaulted on the facts unless there is no material evidence in the record to support it. *Foster v. Amcon Int'l., Inc.*, 621 S.W.2d 142, 146 (Tenn. 1981); *S. Ry. Co. v. Sloan*, 407 S.W.2d 205, 209 (Tenn. Ct. App. 1965). It is not our prerogative to weigh the evidence. *Memphis v. Bettis*, 512 S.W.2d 270, 274 (Tenn. 1974). If there is material evidence in the record to sustain the verdict, the trial court's judgment, on the facts, must be affirmed.

The defendant's theory of defense – and his theory of offense with respect to the counterclaim – is set forth in his answer and counterclaim. He alleged that the plaintiff was guilty of the following acts of common law negligence: "she failed to keep a proper lookout; failed to keep her vehicle under proper control; failed to exercise due care in the operation of a motor vehicle; failed to take the appropriate steps necessary to avoid this accident; was following the [d]efendant's vehicle too closely; and failed to exercise ordinary and reasonable care while operating her vehicle." The defendant also charged that the plaintiff violated the following statutes: Tenn. Code Ann. §§ 55-8-115 (Driving on right side of roadway – Exceptions); 55-8-120 (Further limitations on driving to left of center of roadway); 55-8-123 (Driving on roadways laned for traffic); and 55-8-124 (Following too closely).

As we view the record before us, we find no material evidence to support the jury's verdict. In fact, there is a dearth of evidence suggesting negligence on the part of the plaintiff. Certainly, there is nothing in her testimony that would indicate she was guilty of any of the acts of common law negligence alleged in the defendant's answer and counterclaim. By the same token, there is nothing about that testimony which suggests that the plaintiff was guilty of violating any of the statutes upon which the defendant relies.

The defendant's testimony is also devoid of evidence of the plaintiff's negligence. The defendant stated, without equivocation, that he did not see the plaintiff's vehicle before the accident. We also note that there were no other eyewitnesses to the accident. The investigating officer did not testify to any facts which directly or inferentially show that negligence on the part of the plaintiff caused or contributed to this accident. Regardless of whether the defendant exited Highway 66 or not, and regardless of whether the accident happened in the northbound traffic lane, as testified to by the plaintiff, or, as the defendant stated, in the southbound lane, one critical fact is clear: that the defendant's vehicle, suddenly and without warning, was *perpendicular* to Highway 66. As far as the two cars are concerned, this was the initial untoward movement and the start of the chain of events that led to the collision. The jury concluded that the fault of the defendant was a cause of the accident, and there is an abundance of evidence to support the jury's obvious conclusion that the defendant lost control of his vehicle. If the record reflects evidence of the plaintiff's negligence – and we are not convinced that it does – it is clear to us that there is no material evidence to support a finding that the plaintiff was guilty of the same degree of fault as the defendant.

The real issue before us is not whether the plaintiff was guilty of *any* fault; rather, the real issue is whether there is material evidence to support a finding that the plaintiff was guilty of the same degree of fault as the defendant. We do not find such evidence. It results that the trial court's

judgment entered on the jury's verdict must be vacated and this case remanded for a new trial.[4] Consideration of the plaintiff's other two issues is pretermitted.

VI.

The judgment of the trial court is vacated and this case is remanded to the trial court for a new trial. Costs on appeal are taxed to the appellee, Johnny L. Drinnon.

_____
CHARLES D. SUSANO, JR., JUDGE

---

[4]We do not have the authority to reallocate fault. ***Turner v. Jordan***, 957 S.W.2d 815, 823-24 (Tenn. 1997); ***Winstead v. Goodlark Reg'l Med. Ctr., Inc.***, No. M1997-00209-COA-R30CV, 2000 WL 343789, at *6 (Tenn. Ct. App. M.S., filed April 4, 2000).